**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Juan Flores, ) | Case no. 18-cv-464 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| James Mc Grath, in his individual capacity ) | |
| and Erris Builders, Inc. ) | |
| ) | Jury demanded |
| Defendants. ) | |

**COMPLAINT**

Plaintiffs, through their undersigned attorneys as their Complaint against Defendants, allege the following:

**NATURE OF THE CASE**

1. This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

2. This is an action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/4 and 5, by Plaintiff Juan Flores.

3. In violation of the FLSA and the IMWL, Defendants failed to pay Plaintiff, wages owed, and overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty in a workweek. Defendants also violated the IMWL by failing to pay Plaintiff at the minimum hourly wage, and by not paying the prescribed rate of one and

one-half times Plaintiff's regular wage rates for all overtime hours worked. Defendants violated the IWPCA by failing to pay wages when due and failing to pay final compensation when due.

4. As a remedy for Defendants' acts, Plaintiff seeks relief including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

6. At all relevant times herein, Plaintiff Juan Flores resided in and was domiciled within this judicial district.

7. At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

8. At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

9. During the course of his employment, Plaintiff worked as a "construction workers" for Defendants.

10. At all relevant times herein, Plaintiff handled goods in commerce, was engaged in commerce, or in the production of goods for commerce, as those terms are defined under the act

11. Defendant Erris Builders, Inc., ("Erris") is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Erris is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an

enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

12. At all relevant times herein, Erris was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

13. Defendant James McGrath is an officer of Erris, and was involved in the day to day business operations of Defendant Erris. McGrath had the authority to hire and fire persons employed by Defendant Erris, including the Plaintiff; the authority to direct and supervise the work of Defendant Erris's employees; the authority to sign on Defendant Erris' checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

14. Defendant James McGrath was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

15. Plaintiffs have executed consent to sue notices, which are attached to this complaint as an exhibit.

## COUNT I
### Violation of the FLSA - 29 U.S.C. § 206(a)(1)(C)
### Failure to Pay Minimum Wage

16. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

17. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay wages to Plaintiff at the minimum hourly rate. During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206(a)(1)(c).

18. During the course of Plaintiff's employment with Defendants, Plaintiff was owed wages which were never paid and which resulted in his earning less than the minimum hourly wage for those periods of time for which he was not compensated.

19. Pursuant to 29 U.S.C. §206(a)(1)(c), Plaintiff was entitled to be compensated at the minimum hourly wage prevailing in the location which he worked.

20. Defendants failed to pay Plaintiff at all for several weeks of work, and in so doing failed to pay them the minimum hourly wage.

21. Defendants' failure to pay Plaintiff wages violated the FLSA, 29 U.S.C. § 206(a)(1)(c).

22. Defendants willfully violated the FLSA by failing and refusing to pay Plaintiff's wages for all time worked.

23. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay wages, and refusal to pay when demand was made, was a willful violation of the FLSA, 29 U.S.C. §206(a)(1)(c).

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of wages at Plaintiff's regular rate for all time Plaintiff worked but was not paid;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FLSA – 29 U.S.C. § 207
### Failure to Pay Overtime Wages

24. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

4

25. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

26. During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

27. During the course of Plaintiff's employment with Defendants, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

28. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendants did not compensate Plaintiff at the rate of one and one-half time his regular rate for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times his hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

31. Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

32. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

5

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff isfound to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the IMWL- 820 ILCS 105/4
### Failure to Pay Minimum Wage

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceeding paragraphs of this Complaint.

34. Count three arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for Defendants' failure to pay, at the minimum hourly rate, wages due to Plaintiff.

35. During the course of Plaintiff's employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

36. Defendants failed to pay Plaintiff at all for several weeks of work

37. Pursuant to 820 ILCS 105/4, Plaintiff was entitled to be compensated at the minimum hourly wage prevailing in the location which they worked.

38. Defendants' failure to pay Plaintiff wages violated the IMWL, 820 ILCS 105/4.

39. Defendants willfully violated the FLSA by refusing to pay Plaintiff wages for all time worked even after numerous demand were made upon them.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff was entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff isfound to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the IMWL- 820 ILCS 105/4
### Failure to Pay Minimum Wage

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceeding paragraphs of this Complaint.

34. Count three arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for Defendants' failure to pay, at the minimum hourly rate, wages due to Plaintiff.

35. During the course of Plaintiff's employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

36. Defendants failed to pay Plaintiff at all for several weeks of work

37. Pursuant to 820 ILCS 105/4, Plaintiff was entitled to be compensated at the minimum hourly wage prevailing in the location which they worked.

38. Defendants' failure to pay Plaintiff wages violated the IMWL, 820 ILCS 105/4.

39. Defendants willfully violated the FLSA by refusing to pay Plaintiff wages for all time worked even after numerous demand were made upon them.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff was entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

  B. Damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain pursuant to 820 ILCS 105/12(a);

  C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

  D. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the IMWL - 820 ILCS 105/4(a)(1)**
**Failure to Pay Overtime Wages**

41. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceeding paragraphs of this Complaint.

42. Count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq*., for their failure to pay wages to Plaintiff at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

43. During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

44. During the course of Plaintiff's employment with Defendants, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

45. Pursuant to 820 ILCS 105/4(a), Plaintiff was entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

46. Defendants did not compensate Plaintiff at the rate of one and one-half time his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

47. Defendants' failure to pay Plaintiff's overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

48. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain pursuant to 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of the IWPCA – 820 ILCS 115/4
### Failure to Pay Wages When Due

49. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

50. Count V arises from Defendants' failure to pay Plaintiff's earned wages when due, for all time worked, at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/4.

51. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed upon by the parties within 13 days of the end of the customary pay period.

52. By failing to pay Plaintiff, at all, for weeks of work performed, Defendants failed to pay Plaintiff all sum due within 13 days after the end of the established pay period.

53. Defendants' failure to pay all wages, when due, violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

B. Penalties of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

Respectfully submitted,

/s/    Jorge Sanchez
One of Plaintiffs' attorneys

Jorge Sanchez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784


Dated: January 22, 2018

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and other statutes to secure, inter alia, unpaid minimum wages and overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with **Erris Builders, Inc. and James Mc Grath** and/or any other associated parties.

I authorize Lopez & Sanchez, LLP, and any associated attorneys as well as any successors or assigns, to represent me with my claims either individually or by joining my claims with others similarly situated.

_/s/ JF_
Signature

Juan Flores
Full Legal Name (Print)

Exhibit 1